IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ABBVIE INC.** (a Delaware corporation); **ALLERGAN, INC.** (a Delaware corporation); **DURATA THERAPEUTICS, INC.** (a Delaware corporation); **ABBVIE PRODUCTS LLC** (a Georgia limited liability company); **PHARMACYCLICS LLC** (a Delaware limited liability company); **ALLERGAN SALES, LLC** (a Delaware limited liability company),<br><br>      Plaintiffs,<br><br>      v.<br><br>**DAN RAYFIELD**, in his official capacity as **ATTORNEY GENERAL OF THE STATE OF OREGON**,<br><br>and<br><br>**KATHLEEN CHINN**, in her official capacity as **BOARD PRESIDENT OF THE OREGON BOARD OF PHARMACY**; **RICHARD JOYCE**, in his official capacity as **BOARD VICE PRESIDENT OF THE OREGON BOARD OF PHARMACY**; and **SHANNON BEAMAN, JENNIFER HALL**, | Case No. 3:25-cv-01332-IM<br><br>**CASE MANAGEMENT ORDER** |

| | |
|---|---|
| **AMY KIRKBRIDE**, **VICTORIA KROEGER**, **PRIYAL PATEL**, **ANA PINEDO**, and **BRYAN SMITH**, in their official capacities as **BOARD MEMBERS OF THE OREGON BOARD OF PHARMACY**. | |
| Defendants. | |

**IMMERGUT, District Judge.**

Case management procedures are set as follows:

## DISCOVERY DISPUTES

Discovery shall be completed by the deadline set. Discovery disputes may be submitted to the Court no later than the deadline as follows:

- **Informally:** With regard to simple discovery disputes (generally excluding privilege issues, or electronic discovery issues), after completing meaningful conferral as to the dispute, submit to the Court via a joint brief email message to the Courtroom Deputy a single Joint Statement of Discovery Issue concisely specifying each disputed discovery issue and the parties' positions as to such issue. On receipt of the Joint Statement, the Court will endeavor to rule promptly. If the Court determines a telephone conference or hearing is warranted, the Court will inform the parties. As a general rule, if the email specifying the dispute is over one Word document page in length, a motion should be filed with the Court pursuant to the procedures for formal discovery disputes.

- **Formally:** File a discovery motion no later than the deadline set. Any response to a discovery motion shall be filed **within 7 calendar days**. No replies are

permitted without leave of Court. The Court will attempt to resolve the dispute promptly on the record and without oral argument.

This Court does not routinely issue **Protective Orders** based solely on an agreement by the parties. The party, or parties, seeking a Protective Order must demonstrate good cause pursuant to Federal Rule of Civil Procedure 26(c) regarding why the Protective Order is necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. This Court expects the requested Protective Orders to be narrowly tailored and to demonstrate good cause to justify each category of information to be protected.

## EXTENSION OF DEADLINES

The Court expects the parties to meet all established deadlines. Any request for an extension of time must be made by motion (no letter requests**) filed 7 days before expiration of the deadline**. The motion must be supported by an affidavit or other showing in which the moving party specifically states the reason(s) for the requested extension and explains how the parties have used the available time set out in this Order. The Court, at its discretion, may set a hearing on the motion.

The Court requires a minimum of 120 days between the filing of any dispositive motions and the lodging of a pretrial order. Any requested extension that does not satisfy that requirement may result in denial of the motion or a change of the trial date. Any new trial date likely will be set "at the end of the line," and, therefore, any extension requiring the trial to be reset will be disfavored.

## MOTION PRACTICE AND DISPOSITIVE MOTIONS

This Court strictly construes the requirements of the Federal Rules of Civil Procedure and Local Rules (LR) for this District with regard to motion practice. Specifically, the Court will strike any motion that does not comply with the requirements of LR 7-1(a)(1). (*NOTE:* A LR 7-1

PAGE 3 – CASE MANAGEMENT ORDER

certification is required for every motion except a temporary restraining order (TRO) and must be set forth in the first paragraph of every motion.)

Pursuant to LR 7-1(b), a motion may not be combined with any other motion or a response or a reply to any motion. In addition, each motion requires a separate memorandum in support of the motion, and each motion requires a separate response. Adherence to page limitations is required. **If the parties require action from this Court, the parties must file the issue marked as a motion, rather than included in a status report or some other filing.**

Before the filing of any motion for summary judgment, the parties jointly must complete and file a Joint Statement of Agreed Material Facts similar to the "Agreed Facts" section that is a standard part of any pretrial order and include therein all material, undisputed facts necessary to the resolution of the case. Those agreed facts will serve as the basic evidentiary record for any dispositive motion. To the extent there are additional but disputed material facts that a moving or opposing party wishes to include in the record for purposes of a dispositive motion, they may do so by any admissible means; e.g., by Declaration or other admissible evidence. *See Orr v. Bank of Am.*, 285 F.3d 764 (9th Cir. 2002). Thus, any disputed facts set out in memoranda must be supported by citations to the record, and any disputed facts supported in the evidentiary record will be deemed admitted if they are not contradicted by admissible evidence. If issues remain for trial after a dispositive motion is resolved, the parties will then complete the remaining parts of a proposed pretrial order.

All pleadings, including declarations, affidavits, etc., that pertain to a motion, response, or reply are due on the same date as that pleading. Parties must obtain leave of Court to file any accompanying documents after the deadline.

The title of responses, replies, objections, etc., shall reflect the exact title of the underlying motion. *See* LR 7-3.

**Please provide the Court with courtesy copies of any motion for which a hearing is set, as well as all motions for summary judgment.** Court's copy of all pleadings, including declarations, affidavits, exhibits, etc., shall be placed in a three-ring binder, tabbed, and indexed. The outside spine of the binder label should include the case caption and number.

## TRIAL DOCUMENTS

Unless the Court has issued unique deadlines with respect to this case, trial documents are due according to the following schedule:

1. **30 days before pretrial conference:**

    a. **Pretrial Order** in compliance with Local Rule 16–5(b)

    b. **Jointly Proposed Verdict Form** [Jury and Bench Trials]

     i. The jointly proposed verdict form shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

2. **21 days before pretrial conference:**

    a. **Trial Memoranda**

     i. Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 15 pages unless a party seeks leave of the court.

    b. **Motions in limine**

     i. The parties may elaborate on the admissible purposes for any proffered evidence that is the subject of objection and the legal bases for their objections to such evidence.

    ii. Daubert motions must also be filed no later than 21 days before the pretrial conference. However, parties should file any complex Daubert motions even further in advance to permit time for a Daubert hearing, if necessary.

  c. **Neutral Statement of the Case [Jury Trial Only]**

    i. The parties shall exchange their proposed neutral statement of the case, confer regarding the proposed neutral statement of the case, and submit the joint neutral statement by filing in CM/ECF and to the Court at impropdoc@ord.uscourts.gov in **Word format.**

  d. **Jointly Proposed Voir Dire [Jury Trial Only]**

    i. The jointly proposed voir dire must be formatted in accordance with Exhibit A.

    ii. Parties may note any objections in a comment/footnote or provide alternative questions.

    iii. Jointly proposed voir dire shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

  e. **Jointly Proposed Agreed Upon Jury Instructions [Jury Trial Only]**

    i. The parties are ordered to jointly file **in a single document** the jury instructions to which the parties agree.

    ii. Any modifications from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 edition, last updated March 2025) shall be clearly shown in bold font.

    iii. Jointly proposed agreed upon jury instructions shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

  f. **Contested Jury Instructions [Jury Trial Only]**

    i. The parties are ordered to jointly file **in a single document**, separately from the jointly proposed agreed upon jury instructions, proposed jury instructions which are contested.

    ii. For all proposed jury instructions on which the parties do not agree, the party proposing the instruction must state concisely at the end of each such instruction why the proffered instruction is a correct statement of the law and why the Court should prefer that proposed instruction over any offered by the opposing party.

  iii. The party opposing the instruction also must state concisely at the end of each such instruction why it is not a correct statement of the law and must set forth the form of instruction requested in lieu thereof together with the reasons why the Court should give that form of instruction.

  iv. Any modifications from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 edition, last updated March 2025) shall be clearly shown in bold font.

  v. Contested jury instructions shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

 g. **Joint Witness List**

  i. The parties are ordered to jointly file a witness list that identifies all proposed trial witnesses and indicates: (1) all witnesses whose testimony may be received without objection; (2) all other witness testimony that will be the subject of objection together with a concise summary of the challenged testimony, a one-line statement of the admissible purposes for which that challenged testimony is proffered, a one-line summary statement of the bases for all objections to that proffered testimony, and a one-line statement responding to each objection and explaining the admissible purposes for which that challenged testimony is proffered; and (3) an estimate of the time necessary to complete the testimony of each witness.

  ii. For each witness, denote whether the witness will testify as a lay witness or expert witness.

- For **lay witnesses**, list all parties, corporate representatives, and other witnesses to be called, showing names and occupations if relevant.

- For **expert witnesses**, supply a written report of each expert in accordance with the requirements of Fed. R. Civ. P 26(e)(2), whether for the case in chief or rebuttal, setting forth the expert's qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. Any subject and/or opinion not covered in the expert report will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

  iii. Joint witness list shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov in Word format.

    h. **Joint Exhibit List**

        i. The parties are ordered to jointly file an exhibit list that identifies (1) all stipulated exhibits that may be received without objection; and (2) all remaining exhibits to be offered by any party and a one-line summary statement of the bases for all objections to any proffered exhibit, as well as a one-line summary statement responding to each objection. The substance of any objection to any exhibit should be put forth in the motions in limine.

        ii. The joint exhibit should be formatted in conformance with Exhibit B.

        iii. The joint exhibit list shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word** format.

        iv. Copies of contested exhibits must be attached by the offering party to the Judge's copy of the proposed exhibit list. Contested exhibits should be indexed, tabbed, and three-hole punched down the left side. If there are numerous contested exhibits, they shall be placed in a binder clearly marked as Plaintiff or Defendant's exhibits. Plaintiff's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101-199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

        v. **No original trial exhibits shall be filed with the Clerk of Court or CM/ECF.** All exhibits that will be used at trial shall be indexed, tabbed, three-hole punched down the left side, and placed in a binder clearly marked on the outside of the binder whether they are Plaintiff or Defendant's exhibits. As noted, Plaintiff's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101-199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

    i. **Deposition Transcript Designations**

        i. The parties are ordered to jointly file a list that identifies (i) all deposition transcript designations that may be received without objections and (ii) all remaining deposition transcript designations to be offered by any party, to which opposing counsel objects, and must identify all portions objected to with a one-line summary statement of the bases for all objections to each transcript excerpt. The substance of any objection to any transcript designation should be put forth in the motions in limine.

      ii. Copies of contested deposition transcript designations identified on the above jointly filed list, must be electronically provided to the Court, and also attached by the offering party in a binder to include all of the proposed designations and any counter-designations, both highlighted and tabbed.

**3. 14 days before pretrial conference:**

    a. **Responses to motions in limine**

To the extent feasible the Court intends to rule on all objections at the pretrial conference and to admit into evidence at that time all exhibits that qualify. Except in unusual circumstances, therefore, the Court does not intend to take up issues of admissibility during trial.

For additional guidance, please refer to the *Trial Court Guidelines* published on the Court's website at: **https://ord.uscourts.gov/index.php/attorneys/trial-court-guidelines**. Parties also should refer to the Federal Bar Association's *Federal Court Practice Handbook* for more guidance on practice and procedures in this Court.

    **IT IS SO ORDERED.**

    DATED this 22nd day of October, 2025.

                                           /s/ Karin J. Immergut
                                           Karin J. Immergut
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PLAINTIFF(S) NAME,**<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>**DEFENDANT(S) NAME,**<br><br>　　　　Defendant(s). | Case No.<br><br>**EXHIBIT A: JOINTLY PROPOSED VOIR DIRE** |

I.   Background (Biographical Information)

    a. Name

    b. Area and length of residence (not your address)

    c. Your occupation

    d. Your highest level of education

    e. Who resides with you and their occupation/level of education?

PAGE 10 – EXHIBIT A: JOINTLY PROPOSED VOIR DIRE

      f. What hobbies or activities do you enjoy?

      g. What organizations do you belong to?

II. Prior Legal Experience

      a. Have you ever served on a jury before?

          i. If so, what kind of case was it?

      b. Have you or your spouse/significant other ever been a party or witness in a lawsuit?

          i. When?

          ii. What kind of case was it?

III. *Example Case Specific*

      a. *Are any of you or any members of your family or close friends now serving or have ever served in law enforcement? Please note I am including employees of law enforcement agencies, military police, INS, border patrol, DEA, ATF, DOJ, Department of Homeland Security, or other government law enforcement or intelligence agency in my definition of law enforcement. If so, who is that individual*

PAGE 11 – EXHIBIT A: JOINTLY PROPOSED VOIR DIRE

*and does that relationship create any bias for you, whether for or against police officers?*

b. *This is a civil case, meaning that the remedy the plaintiff will be asking the jury to award her are money. Are there any of you that feel like you have a strong feeling that simply because the case has proceeded all the way to trial there must be some merit to it? For any of you that raised your hand, would this make you want to find for the plaintiff even if the evidence did not support that conclusion?*

c. *Inversely, are there any of you that have a strong sense that lawsuits of this nature are frivolous and would be reluctant to award money damages? For any of you that raised your hand, would you still be reluctant to award money, or a large sum of money, if the evidence supported it?*

The lawyers will now have an opportunity to ask you additional questions.

[Questioning by Plaintiff's counsel—15 minutes]

[Questioning by Defense counsel—15 minutes]

PAGE 12 – EXHIBIT A: JOINTLY PROPOSED VOIR DIRE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| PLAINTIFF(S) NAME, | Case No. |
|---|---|
| Plaintiff(s), | **EXHIBIT B: JOINT EXHIBIT LIST** |
| v. | |
| DEFENDANT(S) NAME, | |
| Defendant(s). | |

| PLAINTIFF'S EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| No. | Description | Stipulated | Objection(s) | Pre-Admit. *(Court Use Only)* | Ident. *(Court Use Only)* | Admit. *(Court Use Only)* |
| 1 | | | *Ex: FRE 403 (unfair prejudice); FRE 801 (hearsay)* | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| **DEFENDANT'S EXHIBITS** | | | | | | |
| No. | Description | Stipulated | Objection(s) | Pre-Admit. *(Court Use Only)* | Ident. *(Court Use Only)* | Admit. *(Court Use Only)* |
| 101 | | | | | | |
| 102 | | | | | | |
| 103 | | | | | | |
| 104 | | | | | | |

PAGE 13 – EXHIBIT B: JOINT EXHIBIT LIST