**DAVID H. ANGELI**, OSB No. 020244
david@angelicalfo.com
**PETER D. HAWKES,** OSB No. 071986
peter@angelicalfo.com
ANGELI & CALFO LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**MATTHEW S. OWEN, P.C.** (*pro hac vice*)
matt.owen@kirkland.com
**MEREDITH M. POHL** (*pro hac vice*)
meredith.pohl@kirkland.com
**NEIL A. JOSEPH** (*pro hac vice*)
neil.jospeh@kirkland.com
**HANNA EDDY** (*pro hac vice*)
hanna.eddy@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company), <br><br> *Plaintiffs*, <br> v. <br><br> DAN RAYFIELD, in his official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON, | Case No.: 6:25-cv-01332-IM <br><br> **STIPULATED PROTECTIVE ORDER** |

1 – STIPULATED PROTECTIVE ORDER

and

KATHLEEN CHINN, in her official capacity as BOARD PRESIDENT OF THE OREGON BOARD OF PHARMACY; RICHARD JOYCE, in his official capacity as BOARD VICE PRESIDENT OF THE OREGON BOARD OF PHARMACY; and SHANNON BEAMAN, JENNIFER HALL, AMY KIRKBRIDE, VICTORIA KROEGER, PRIYAL PATEL, ANA PINEDO, and BRYAN SMITH, in their official capacities as BOARD MEMBERS OF THE OREGON BOARD OF PHARMACY.

*Defendants*.

## **STIPULATED PROTECTIVE ORDER**

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns numerous claims, including but not limited to a Fifth Amendment takings claim and preemption claims, which Plaintiffs believe can be supported by information in the possession of third parties. The parties expect to exchange documents and information relating to title of property, public use, the delivery of drugs, and whether there is an agency relationship between covered entities and contract pharmacies. This information may contain confidential, proprietary, or private information for which special protection would be warranted. The parties agree that the entry of this Stipulated Protective

Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therfrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation, nor modify or restrict the obligations of the Oregon Department of Justice to carry out its law enforcement obligations pursuant to ORS Chapter 180. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

3 – STIPULATED PROTECTIVE ORDER

4.     If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.     Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or

"Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly

employed by the Court who are engaged by the Court or the parties during the litigation of this action,

  f.  The authors and the original recipients of the documents.

  g.  Any court reporter or videographer reporting a deposition.

  h.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

  i.  Other persons by written agreement of the parties.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete

6 – STIPULATED PROTECTIVE ORDER

non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the

other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14. Pursuant to Federal Rules of Evidence 502(d), the production or provision of a document subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any party, production alone shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

15. If a receiving party receives information that reasonably appears to be subject to a claim of privilege or work product protection, the receiving party shall immediately provide written notice to counsel for the producing party.

16. When a producing party gives notice to a receiving party in writing of production of material subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure Rule 26(b)(5)(B). If the receiving party disputes the privilege claim in writing, it must notify the producing party within fourteen (14) days of receipt of the producing party's notification. The parties shall thereafter meet and confer regarding the disputed privilege claim. If the parties cannot resolve their dispute, either party may seek a determination from the Court whether the privilege applies. Other than in connection with seeking a determination by the Court, the receiving party may not use information subject to such a notice or claim of privilege or other protection for any purpose until the dispute is resolved.

17. A party receiving notice pursuant to paragraph 16 above shall promptly: (a) refrain from any further examination or disclosure of the subject material for any purpose; and

(b) return the material to counsel for the producing party, or at its option destroy it, and certify in writing to that fact.

18. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, OAR 166-300-0015 governs retention of litigation files by Oregon Department of Justice and other parties may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if they contain information derived from or excerpts of material designated Confidential or Attorney Eyes' Only.

19. The production of any protected information by any third party shall be subject to and governed by the terms of this Protective Order.

20. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Attorneys' Eyes Only," that party must:

    a. promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this

9 – STIPULATED PROTECTIVE ORDER

        agreement; and

   c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

21.    If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this matter as "Confidential" or "Attorneys' Eyes Only" before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its confidential material in that court.

22.    This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

23.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court, provided that nothing in this order may be construed to change or restrict the obligation of any entity subject to public records requests pursuant to ORS 192, including the Oregon Department of Justice, to respond to Public Records Requests.

24.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

//

//

//

10 – STIPULATED PROTECTIVE ORDER

So stipulated:

| | |
|---|---|
| *s/ Carter E. Brace* | /s/ *Peter D. Hawkes* |
| SHAUNEE MORGAN #194256 | DAVID H. ANGELI, OSB No. 020244 |
| CARTER BRACE #243828 | david@angelicalfo.com |
| Assistant Attorneys General | PETER D. HAWKES, OSB No. 071986 |
| SCOTT KENNEDY D.C. Bar #1658085 | peter@angelicalfo.com |
| Senior Assistant Attorney General | ANGELI & CALFO LLC |
| Trial Attorneys | 121 SW Morrison Street, Suite 400 |
| Tel (971) 673-1880 | Portland, OR 97204 |
| Fax (971) 673-5000 | Telephone: (503) 954-2232 |
| Shaunee.Morgan@doj.oregon.gov | Facsimile: (503) 227-0880 |
| Scott.Kennedy@doj.oregon.gov | |
| Carter.Brace@doj.oregon.gov | MATTHEW S. OWEN, P.C. (pro hac vice) |
| Of Attorneys for Defendants | matt.owen@kirkland.com |
| | MEREDITH M. POHL (pro hac vice) |
| | meredith.pohl@kirkland.com |
| | NEIL A. JOSEPH (pro hac vice) |
| | neil.joseph@kirkland.com |
| | HANNA EDDY (pro hac vice) |
| | hanna.eddy@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 1301 Pennsylvania Avenue N.W. |
| | Washington, D.C. 20004 |
| | Telephone: (202) 389-5000 |
| | |
| | Counsel for Plaintiffs |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. Karin J. Immergut
United States District Judge

## EXHIBIT A

I, _____, have been advised by counsel of record for _____ in _____ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Name

_____
Date