DAN RAYFIELD
Attorney General
SHAUNEE MORGAN  #194256
CARTER BRACE #243828
Assistant Attorneys General
SCOTT KENNEDY D.C. Bar #1658085
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Shaunee.Morgan@doj.oregon.gov
        Scott.Kennedy@doj.oregon.gov
        Carter.Brace@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company), | Case No.  6:25-CV-01332-IM<br><br>DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT |
| Plaintiffs, | |
| v. | |
| DAN RAYFIELD, in his official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON, and KATHLEEN CHINN, in her official capacity as BOARD PRESIDENT OF THE OREGON BOARD OF PHARMACY; RICHARD JOYCE, in his official capacity as BOARD VICE PRESIDENT OF THE OREGON BOARD OF PHARMACY; and SHANNON BEAMAN, JENNIFER HALL, AMY KIRKBRIDE, | |

Page 1 -   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

VICTORIA KROEGER, PRIYAL PATEL,
ANA PINEDO, and BRYAN SMITH, in their
official capacities as BOARD MEMBERS OF
THE OREGON BOARD OF PHARMACY

            Defendants.

Defendants submit this Answer to Plaintiffs' First Amended Complaint ("Complaint")
and admit, deny, and allege as follows:

1.      Defendants admit that Plaintiffs brings this lawsuit to challenge the
constitutionality of H.B. 2385 and deny the remainder of the allegations in paragraph 1.

2.      Defendants deny the allegation in paragraph 2.

3.      Defendants lack sufficient information or knowledge to form a belief as to the
truth of the allegation in the first sentence of paragraph 3, and therefore, the allegation is denied.
The remainder of paragraph 3 purports to describe the federal 340B statute, 42 U.S.C. § 256b,
which speaks for itself and is the best evidence of its contents.

4.      Paragraph 4 purports to describe the 340B statute, which speaks for itself and is
the best evidence of its contents.

5.      The first three sentences of paragraph 5 purport to describe the 340B statute
which speaks for itself and is the best evidence of its contents. The fourth sentence of paragraph
5 purports to describe the Supreme Court's opinion in *Astra USA, Inc. v. Santa Clara County*,
563 U.S. 110 (2011), which speaks for itself and is the best evidence of its contents.

6.      The claim regarding constitutionality in the first sentence of paragraph 6 is a legal
conclusion to which no response is required. The remainder of paragraph 6 purports to describe
the 340B statute, which speaks for itself and is the best evidence of its contents.

7.      Defendants lack sufficient information or knowledge to form a belief as to the
truth of the allegations in paragraph 7, and therefore, the allegations are denied.

8.      Defendants lack sufficient information or knowledge to form a belief as to the
truth of the allegations in paragraph 8, and therefore, the allegations are denied.

Page 2 -   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

9.      Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 9, and therefore, the allegations are denied.

10.     Paragraph 10 purports to describe the Third Circuit's opinion in *Sanofi Aventis U.S. LLC v. HHS*, 58 F.4th 696 (3rd Cir. 2023), which speaks for itself and is the best evidence of its contents.

11.     Paragraph 11 purports to describe the D.C. Circuit's opinion in *Novartis Pharmaceuticals Corp. v. Johnson*, 102 F.4th 452 (D.C. Cir. 2024), which speaks for itself and is the best evidence of its contents.

12.     Defendants admit the allegation in the first sentence of paragraph 12. Regarding the second and third sentences of paragraph 12, Defendants admit that many states passed their own legislation to address contract-pharmacy arrangements related to the 340B program— legislation which speaks for itself and is the best evidence of its contents—and that Oregon's legislature passed H.B. 2385, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in the second and third sentences of paragraph 12.

13.     Defendants deny the allegations in the first and third sentences of paragraph 13. The second sentence of paragraph 13 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants deny the allegation in the first sentence of paragraph 16. The second sentence of paragraph 16 states legal conclusions to which no response is required.

17.     The first sentence of paragraph 17 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in paragraph 17.

18.     Defendants deny the allegations in paragraph 18.

S6M/j3b/1002482229
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

19.     The first sentence of paragraph 19 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in paragraph 19.

20.     Defendants deny the allegations in the first sentence in paragraph 20.  The second, and fourth sentences of paragraph 20 state legal conclusions to which no response is required. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the third sentence of paragraph 20, and therefore, the allegations are denied.

21.     Defendants deny the allegation in the first sentence of paragraph 21. The second sentence of paragraph 21 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents. The third and fourth textual sentences of paragraph 20 state legal conclusions to which no response is required.

22.     Paragraph 22 purports to describe the reliefs Plaintiffs seek through this litigation. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

23.     As to the first and third sentences of paragraph 23, Defendants admit that Plaintiff AbbVie is a Delaware corporation and a biopharmaceutical company based in North Chicago, Illinois. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore, the allegations are denied. Footnote 1 appending paragraph 23 purports to describe an executive order and press release issued by the President and the U.S. Department of Health and Human Services ("HHS") respectively, both of which speak for themselves and are the best evidence of their contents.

24.     Defendants admit that Plaintiff Allergan, Inc. is a Delaware Corporation and Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore, those allegations are denied.

25.     Defendants admit that Plaintiff Durata Therapeutics, Inc. is a Delaware corporation, and Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore, those allegations are denied.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

26.     Defendants admit that Plaintiff AbbVie Products LLC is a Georgia corporation, and Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 26, and therefore, those allegations are denied.

27.     Defendants admit that Plaintiff Pharmacyclics LLC is a Delaware corporation, and Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 27, and therefore, those allegations are denied.

28.     Defendants admit that Plaintiff Allergan Sales, LLC is a Delaware corporation, and Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 28, and therefore, those allegations are denied.

29.     Defendants admit the allegations in the first and fourth sentences of paragraph 29. The second and third sentences purport to describe ORS 180.060 and H.B. 2385, which speak for themselves and are the best evidence of their contents.

30.     As to paragraph 30, Defendants deny that Shannon Beaman was a member of the Oregon Board of Pharmacy as of the filing of the Complaint. Defendants admit the remaining allegations in the first sentence of paragraph 30. The second sentence of paragraph 30 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

31.     Paragraph 31 states legal conclusions to which no response is required.

32.     Paragraph 32 states legal conclusions to which no response is required.

33.     Paragraph 33 states legal conclusions to which no response is required.

34.     Defendants admit the allegations in the first and third sentences of paragraph 34. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of paragraph 34, and therefore, the allegations are denied.

35.     To the extent paragraph 35 purports to describe this action, no response is required. Otherwise, paragraph 35 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

36.     Paragraph 36 purports to describe a law review article titled *Drugs for the Indigent: A Proposal to Revise the 340B Drug Pricing Program*, which speaks for itself and is the best evidence of its contents.

37.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentences of paragraph 37, and therefore, the allegations are denied. The second and third sentences of paragraph 37 purport to describe the Medicaid Rebate Act and 340B statute, which speaks for themselves and are the best evidence of their contents.

38.     Paragraph 38 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

39.     Paragraph 39 purports to describe the 340B statute and *AstraZeneca Pharms. LP v. Becerra*, 543 F. Supp. 3d 47 (D. Del. 2021), which speak for themselves and are the best evidence of their contents.

40.     Paragraph 40 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

41.     Paragraph 41 purports to describe the "Pharmaceutical Pricing Agreement" ("PPA") and the Supreme Court's opinion in Astra, both of which speak for themselves and are the best evidence of their contents.

42.     Paragraph 42 purports to describe the PPA, which speaks for itself and is the best evidence of its contents.

43.     The first sentence of paragraph 43 purports to describe the 340B statute and PPA, which speak for themselves and are the best evidence of their contents. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 43, and therefore, the allegations are denied.

44.     Paragraph 44 purports to describe a research report titled *The 340B Program Reaches a Tipping Point*, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

45.      Paragraph 45 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

46.      Paragraph 46 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

47.      Paragraph 47 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

48.      Defendants deny the allegations in paragraph 48.

49.      Paragraph 49 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

50.      Paragraph 50 purports to describe federal statutes and regulations which speak for themselves and are the best evidence of their contents.

51.      Paragraph 51 purports to describe the 340B statute and the Supreme Court's opinion in *Astra*, which speak for themselves and are the best evidence of their contents.

52.      Paragraph 52 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

53.      Paragraph 53 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

54.      Paragraph 54 purports to describe Health Resources and Service Administration ("HRSA") guidance, which speaks for itself and is the best evidence of its contents.

55.      Paragraph 55 states legal conclusions to which no response is required.

56.      Paragraph 56 purports to describe HRSA guidance, which speaks for itself and is the best evidence of its contents.

57.      Paragraph 57 purports to describe HRSA guidance, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

58.    Paragraph 58 purports to describe reports issued by multiple companies, a university, and a U.S. Senate committee; all of which speak for themselves and are the best evidence of their contents.

59.    Paragraph 59 purports to describe reports issued by a university and the U.S. Government Accountability Office, both of which speak for themselves and are the best evidence of their contents.

60.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 60, and therefore, the allegations are denied.

61.    Paragraph 61 purports to describe an HHS report, which speaks for itself and is the best evidence of its contents.

62.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 62, and therefore, the allegations are denied.

63.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 63, and therefore, the allegations are denied.

64.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 64, and therefore, the allegations are denied.

65.    The second sentence of paragraph 65 purports to describe a hearing transcript in another legal matter, which speaks for itself and is the best evidence of its contents. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of paragraph 65, and therefore, the allegations are denied.

66.    To the extent the second and fifth textual sentences of paragraph 66 purport to describe litigation materials, those materials speak for themselves and are the best evidence of their contents. Otherwise, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 66, and therefore, the allegations are denied.

67.    Paragraph 67 purports to describe a declaration in another legal matter, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

68.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first seven sentences of paragraph 68, and therefore, the allegations are denied. The remainder of paragraph 68 purports to describe the D.C. Circuit's opinion in *Novartis*, which speaks for itself and is the best evidence of its contents.

69.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 69, and therefore, the allegations are denied.

70.     Paragraph 70 purports to describe HRSA guidance, which speaks for itself and is the best evidence of its guidance.

71.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 71, and therefore, the allegations are denied.

72.     The first and second sentences in paragraph 72 purport to describe, respectively, HRSA guidance and a report, which speak for themselves and are the best evidence of their contents.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the third sentence in paragraph 72, and therefore, the allegations are denied.

73.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 73, and therefore, the allegations are denied.

74.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 74, and therefore, the allegations are denied. The remainder of paragraph 74 purports to describe reports by a company and a U.S. Senate committee, which speak for themselves and are the best evidence of their contents.

75.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegation in the first sentence of paragraph 75, and therefore, the allegation is denied. The second sentence of paragraph 75 purports to describe a report from the Office of Inspector General of HHS, which speaks for itself and is the best evidence of its contents.

76.     Paragraph 76 purports to describe a report cited therein, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

77.    Paragraph 77 purports to describe various reports cited therein, which speak for themselves and are the best evidence of their contents.

78.    Paragraph 78 purports to describe various reports cited therein, which speak for themselves and are the best evidence of their contents.

79.    Paragraph 78 purports to describe the cited observations of at least one commentator, which speak for themselves and are the best evidence of their contents.

80.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 80, and therefore, the allegations are denied.

81.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 81, and therefore, the allegations are denied.

82.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 82, and therefore, the allegations are denied.

83.    Paragraph 83 purports to describe articles in *The New York Times* and *The Wall Street Journal*, which speak for themselves and are the best evidence of their contents.

84.    Paragraph 84 purports to describe a report cited therein, which speaks for itself and is the best evidence of its contents.

85.    Paragraph 85 purports to describe an article in *The New York Times*, which speaks for itself and is the best evidence of its contents.

86.    Paragraph 86 purports to describe a U.S. Senate committee report, which speaks for itself and is the best evidence of its contents.

87.    Paragraph 87 purports to describe a U.S. Senate committee report, which speaks for itself and is the best evidence of its contents.

88.    Defendants deny the allegations in paragraph 88.

89.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 89, and therefore, the allegations are denied.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

90.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 90, and therefore, the allegations are denied.

91.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 91, and therefore, the allegations are denied.

92.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 92, and therefore, the allegations are denied.

93.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 93, and therefore, the allegations are denied.

94.    Paragraph 94 states legal conclusions which require no response.

95.    Where paragraph 95 purports to describe H.B. 2385, the statute speaks for itself and is the best evidence of its contents. Otherwise, Defendants lack sufficient information or knowledge to form a belief as to the remaining allegation in paragraph 95, and therefore, the allegation is denied.

96.    Paragraph 96 purports to describe the report cited therein, which speaks for itself and is the best evidence of its contents.

97.    The first sentence of paragraph 97 purports to describe an HHS advisory opinion, which speaks for itself and is the best evidence of its contents. Defendants admit the allegation in the second sentence of paragraph 97.

98.    Defendants lack sufficient information or knowledge to form a belief as to the allegations in the first sentence in paragraph 98, and therefore, the allegations are denied. The second sentence in paragraph 98 purports to describe a HHS violation letter cited therein, which speaks for itself and is the best evidence of its contents.

99.    Paragraph 99 purports to describe HHS violation letters and the District of Delaware's ruling in *AstraZeneca Pharms. LP v. Becerra*, 543 F. Supp. 3d 47 (D. Del. 2021), which speak for themselves and are the best evidence of their contents. Otherwise, Defendants

S6M/j3b/1002482229                     Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

lack sufficient information or knowledge to form a belief as to the allegations in paragraph 99, and therefore, the allegations are denied.

100. Defendants admit that various states, including the State of Oregon, filed amicus briefs in *Sanofi* and *Johnson*, all of which speak for themselves and are the best evidence of their contents.

101. Paragraph 101 purports to describe the Third Circuit's opinion in *Sanofi*, which speaks for itself and is the best evidence of its contents.

102. Paragraph 102 purports to describe the Third Circuit's opinion in *Sanofi*, which speaks for itself and is the best evidence of its contents.

103. Paragraph 103 purports to describe the Third Circuit's opinion in *Sanofi*, which speaks for itself and is the best evidence of its contents.

104. Paragraph 104 purports to describe the D.C. Circuit's opinion in *Novartis*, which speaks for itself and is the best evidence of its contents.

105. The first and second sentences of paragraph 105 purport to describe a number of laws enacted in other states, which speak for themselves and are the best evidence of their contents. Defendants admit the allegations in the third and fourth sentences of paragraph 105.

106. Paragraph 106 purports to describe decisions and opinions by federal courts in Arkansas and West Virginia, which speak for themselves and are the best evidence of their contents.

107. Defendants admit the allegations in paragraph 107.

108. In response to paragraph 108, Defendants admit that the State of Oregon passed HB 2385 in 2025 and that federal litigation related to the 340B program was pending in that same year. Defendants deny the remaining allegations in paragraph 108.

109. Paragraph 109 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

110.    Paragraph 110 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

111.    Paragraph 111 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

112.    Paragraph 112 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

113.    Where the first sentence of paragraph 113 purports to describe H.B. 2385, the statute speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 113 purport to describe a report cited therein and the Southern District of West Virginia's opinion in *PhRMA v. Morrisey*, 760 F. Supp. 3d 439 (S.D. W. Va. 2024), which speak for themselves and are the best evidence of their contents.

114.    The first sentence in paragraph 114 states legal conclusions to which no response is required.  Defendants deny the allegations in the second and third sentences in paragraph 114.

115.    Paragraph 115 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

116.    Paragraph 116 purports to describe two Oregon statutes, which speak for themselves and are the best evidence of their contents.

117.    Paragraph 117 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

118.    Paragraph 118 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

119.    Defendants deny the allegations in the first and third sentences of paragraph 119. The second sentence in paragraph 119 states legal conclusions which require no response.

120.    Paragraph 120 purports to describe the Drug Price Negotiation Program ("DPNP") of the Inflation Reduction Act of 2022, which speaks for itself and is the best evidence of its contents.

Page 13 -  DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

121.     Paragraph 121 purports to describe the DPNP, which speaks for itself and is the best evidence of its contents.

122.     Paragraph 122 purports to describe the DPNP, which speaks for itself and is the best evidence of its contents.

123.     Paragraph 123 purports to describe the DPNP, which speaks for itself and is the best evidence of its contents.

124.     Paragraph 124 purports to describe a report by the Centers for Medicare & Medicaid Services ("CMS"), which speaks for itself and is the best evidence of its contents.

125.     Paragraph 125 purports to describe a report by the CMS cited therein, which speaks for itself and is the best evidence of its contents.

126.     Paragraph 126 purports to describe the DPNP, which speaks for itself and is the best evidence of its contents.

127.     Paragraph 127 purports to describe guidance issued by the CMS, which speaks for itself and is the best evidence of its contents.

128.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 128, and therefore, the allegations are denied. The second sentence of paragraph 128 purports to describe guidance issued by CMS, which speaks for itself and is the best evidence of its contents.

129.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 129, and therefore, the allegations are denied.

130.     Paragraph 130 purports to describe a notice issued by HRSA, which speaks for itself and is the best evidence of its contents.

131.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 131, and therefore, the allegations are denied. The second sentence of paragraph 131 states a legal conclusion to which no response is required.

Page 14 -  DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

132.    Paragraph 132 states legal conclusions which require no response.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants deny the allegations in the first sentence of paragraph 134. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the second and third sentences of paragraph 135, and therefore, the allegations are denied.

135.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 135, and therefore, the allegations are denied. Defendants deny the allegations in the second and third sentences of paragraph 135.

136.    Defendants deny the allegations in paragraph 136.

137.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 137, and therefore, the allegations are denied.

138.    Defendants deny the allegations in paragraph 138.

139.    Defendants deny the allegations in paragraph 139.

140.    Paragraph 140 states legal conclusions to which no response is required.

141.    Paragraph 141 states legal conclusions to which no response is required.

142.    Paragraph 142 states legal conclusions to which no response is required.

143.    Paragraph 143 states legal conclusions to which no response is required.

144.    Defendants deny the allegation in the first sentence of paragraph 144. The remainder of paragraph 144 purports to describe a variety of case law, which speaks for itself and is the best evidence of its contents.

145.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of paragraph 145, and therefore, the allegations are denied. The second sentence of paragraph 145 purports to describe information on HRSA's website, which speaks for itself and is the best evidence of its contents.

146.    Paragraph 146 states legal conclusions to which no response is required.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

147.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 147, and therefore, the allegations are denied.

148.    Paragraph 148 purports to describe laws in twenty states, which speak for themselves and are the best evidence of their contents.

149.    Paragraph 149 states legal conclusions to which no response is required.

150.    Paragraph 150 state legal conclusions to which no response is required.

151.    Paragraph 151 states legal conclusions to which no response is required.

152.    In response to paragraph 152, Defendants incorporate their responses to paragraphs 1 through 151.

153.    Paragraph 153 states legal conclusion which require no response.

154.    Paragraph 154 purports to describe a Supreme Court opinion, which speaks for itself and is the best evidence of its contents.

155.    Paragraph 155 purports to describe two Supreme Court opinions, which speak for themselves and are the best evidence of their contents.

156.    The first sentence of paragraph 156 states legal conclusions to which no response is required. The second sentence of paragraph 156 purports to describe the opinion in *Morrisey*, which speaks for itself and is the best evidence of its contents.

157.    Paragraph 157 purports to describe H.B. 2385 and the opinion in *Morrisey*, which speak for themselves and are the best evidence of their contents.

158.    The first sentence of Paragraph 158 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 158 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents. The third sentence of Paragraph 158 states a legal conclusion to which no response is required.

159.    Paragraph 159 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

160.    Paragraph 160 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

161.    Paragraph 161 states legal conclusions to which no response is required.

162.    Paragraph 162 states legal conclusions to which no response is required.

163.    Paragraph 163 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents.

164.    Defendants deny the allegations in paragraph 164.

165.    Paragraph 165 states legal conclusions to which no response is required.

166.    Paragraph 166 states legal conclusions to which no response is required.

167.    Paragraph 167 states legal conclusions to which no response is required.

168.    The first, second, and third sentences of paragraph 168 purport to describe, respectively, a federal regulation, the 340B statute, and H.B. 2385, all of which speak for themselves and are the best evidence of their contents. The fourth sentence of paragraph 168 states legal conclusions to which no response is required.

169.    The first sentence and the first part of the second sentence of paragraph 169 purport to describe H.B. 2385 and other Oregon laws, which speak for themselves and are the best evidence of their contents. The second part of the second sentence of paragraph 169 states legal conclusions to which no response is required. The third sentence of paragraph 169 purports to describe the 340B statute, which speaks for itself and is the best evidence of its contents. The fourth and fifth  sentences of paragraph 169 purport to describe the Supreme Court's opinion in *Astra*, which speaks for itself and is the best evidence of its contents.

170.    The first three sentences of paragraph 170 purport to describe the 340B statute, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the fourth sentence of paragraph 170.

171.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 171. The remaining sentences in

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

paragraph 171 purport to describe a range of state laws, which speak for themselves and are the best evidence of their contents.

172.    Paragraph 172 purports to describe an article cited therein, which speaks for itself and is the best evidence of its contents.

173.    Defendants deny the allegations in the first, second, and fifth sentences of paragraph 173. The third and fourth sentences of paragraph 173 purport to describe this action, and no response is required.

174.    In response to paragraph 174, Defendants incorporate their responses to paragraphs 1 through 173.

175.    Defendants deny the allegations in paragraph 175.

176.    Paragraph 176 states legal conclusions to which no response is required.

177.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 177, and therefore, the allegations are denied.

178.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 178, and therefore, the allegations are denied.

179.    Paragraph 179 purports to describe the requirements of the Rebate Pilot Program, which speak for themselves and are the best evidence of their contents.

180.    Paragraph 180 purports to describe H.B. 2385, which speaks for itself and is the best evidence of its contents.

181.    Paragraph 181 states legal conclusions to which no response is required.

182.    In response to paragraph 182, Defendants incorporate their responses to paragraphs 1 through 181.

183.    Paragraph 183 purports to describe the Takings Clause, which speaks for itself and is the best evidence of its contents.

184.    Paragraph 184 states legal conclusions to which no response is required.

185.    Paragraph 185 states legal conclusions to which no response is required.

Page 18 -  DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

186.    Paragraph 186 states legal conclusions to which no response is required.

187.    Defendants deny the allegations in the first sentences of paragraph 187. The second and third sentences of paragraph 187 purport to describe H.B. 2385, which speaks for itself and is the best evidence of its contents. The fourth sentence of paragraph 187 presents a hypothetical, which requires no response. To the extent a response is required, Defendants deny the allegations in the fourth sentence of paragraph 187.

188.    The first, second, and fifth sentences of paragraph 188 purport to describe H.B. 2385, which speaks for itself and is the best evidence of its contents. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 188, and therefore, the allegations are denied.

189.    Defendants deny the allegations in paragraph 189.

190.    Defendants deny the allegations in paragraph 190.

191.    Paragraph 191 purports to describe the Supreme Court's opinion in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978), which speaks for itself and is the best evidence of its contents.

192.    Defendants deny the allegations in paragraph 192.

193.    Defendants deny any allegations requiring a response in Plaintiffs' First Amended Complaint that are not expressly admitted above. Defendants deny that Plaintiffs are entitled to any relief.

### DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

194.    The First Amended Complaint fails to state a claim upon which relief can be granted.

195.    Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

S6M/j3b/1002482229

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**WHEREFORE**, Defendants pray for judgment herein denying Plaintiff relief and granting

Defendants their cost, disbursements, and attorney fees incurred in the defense hereof.

      DATED November 17 , 2025.

                      Respectfully submitted,

                      DAN RAYFIELD
                      Attorney General

                      *s/ Shaunee Morgan*
                      SHAUNEE MORGAN #194256
                      CARTER BRACE #243828
                      Assistant Attorneys General
                      SCOTT KENNEDY D.C. Bar #1658085
                      Senior Assistant Attorney General
                      Trial Attorneys
                      Tel (971) 673-1880
                      Fax (971) 673-5000
                      Shaunee.Morgan@doj.oregon.gov
                      Scott.Kennedy@doj.oregon.gov
                      Carter.Brace@doj.oregon.gov
                      Of Attorneys for Defendants