# PROPOSED INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Christopher J. Kayser (OSB #984244)
ckayser@lvklaw.com
David G. Samuels (OSB #206308)
dsamuels@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison Street, Suite 700
Portland, Oregon 97204
Telephone: 503-222-4424

*Attorneys for Intervenor*
*Oregon Primary Care Association*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company), | Case No. 6:25-cv-01332-IM  INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT |
| Plaintiffs, | |
| v. | |
| DAN RAYFIELD, in his official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON, | |
| and | |
| KATHLEEN CHINN, in her official capacity as BOARD PRESIDENT OF THE OREGON BOARD OF PHARMACY; RICHARD JOYCE, in his official capacity as BOARD VICE PRESIDENT OF THE OREGON BOARD OF PHARMACY; and SHANNON BEAMAN, JENNIFER HALL, AMY KIRKBRIDE, VICTORIA KROEGER, | |

PRIYAL PATEL, ANA PINEDO, and
BRYAN SMITH, in their official capacities as
BOARD MEMBERS OF THE OREGON
BOARD OF PHARMACY,

    Defendants.

---

OREGON PRIMARY CARE
ASSOCIATION,

    Intervenor.

---

Intervenor Oregon Primary Care Association ("Intervenor") hereby answers the First Amended Complaint for Declaratory and Injunctive Relief filed by Plaintiffs AbbVie Inc., Allergan, Inc., Durata Therapeutics, Inc., AbbVie Products LLC, Pharmacyclics LLC, and Allergan Sales, LLC (collectively "Plaintiffs") as follows:

1.    The first sentence of this paragraph consists of Plaintiffs' characterization of this action, to which no response is required. The allegations in the second sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

2.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

3.    Intervenor admits that there have been disputes regarding manufacturer compliance with the 340B Program. Intervenor admits that the 340B statute, 42 U.S.C. § 256b, establishes a drug pricing program. Intervenor further admits that the statute enumerates certain types of healthcare providers as covered entities eligible for discounted pricing. To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. The remaining allegations in this paragraph consist of conclusions of law, to which no

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER    Page 2
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

response is required. To the extent a response is deemed required, Intervenor denies those allegations.

4.      The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

5.      The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

6.      To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with those statutes is denied. The allegations in this paragraph also consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

7.      Intervenor admits that contract pharmacy arrangements exist and that some utilize a replenishment model. The remaining allegations in this paragraph are denied for lack of sufficient information to form a reasonable belief as to the truth thereof.

8.      The allegations in the second and fourth sentences of this paragraph include conclusions of law, to which no response is required. To the extent that a response is deemed necessary, Intervenor denies those allegations. Intervenor lacks sufficient information to confirm or deny the allegations in the first and third sentence of this paragraph. Intervenor denies the remaining allegations in this paragraph.

9.      Intervenor admits that manufacturers, including AbbVie, Inc., have unilaterally adopted policies limiting distribution of drugs discounted under the 340B program. The allegations in the rest of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

10.      To the extent this paragraph purports to characterize or interpret the 340B statute, related federal law, or court opinions, Intervenor states that those statutes and opinions speak for

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER                 Page 3
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, Plaintiffs' characterizations of Congress's actions and intent, and Plaintiffs' characterizations of federal litigation, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

11.    To the extent this paragraph purports to characterize or interpret the 340B statute, related federal law, or court opinions, Intervenor states that those statutes and opinions speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of federal litigation, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

12.    Intervenor lacks sufficient information to confirm or deny the allegations in this paragraph. To the extent this paragraph purports to characterize or interpret state laws, Intervenor states that those laws speak for themselves and any characterization inconsistent with them is denied. Intervenor denies the remaining allegations in this paragraph.

13.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations. To the extent this paragraph purports to characterize or interpret state laws, Intervenor states that those laws speak for themselves and any characterization inconsistent with them is denied.

14.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.  To the extent this paragraph purports to characterize or interpret federal and state laws, Intervenor states that those laws speak for themselves and any characterization inconsistent with them is denied. Intervenor lacks sufficient information to confirm or deny the allegations in this paragraph about AbbVie. Intervenor denies the remaining allegations in this paragraph.

15.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

16.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

17.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required and this paragraph purports to characterize or interpret state or federal laws, Intervenor states that those laws speak for themselves and any characterization inconsistent with them is denied. Intervenor denies the remaining allegations.

18.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required and this paragraph purports to characterize or interpret state or federal laws, Intervenor states that those laws speak for themselves and any characterization inconsistent with them is denied. Intervenor denies the remaining allegations.

19.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required and this paragraph purports to characterize or interpret state or federal laws, Intervenor states that those laws speak for themselves and any characterization inconsistent with them is denied. Intervenor denies the remaining allegations.

20.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required and this paragraph purports to characterize or interpret the state or federal laws and court opinions, Intervenor states that those laws and opinions speak for themselves and any characterization inconsistent with them is denied. Intervenor denies the remaining allegations.

21.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required and this paragraph purports to characterize or interpret the state or federal laws and court opinions, Intervenor states that those laws and opinions speak for themselves and any characterization inconsistent with them is denied. Intervenor denies the remaining allegations.

22.    This paragraph consists of Plaintiffs' characterization of this action and conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

23.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

24.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

25.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

26.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

27.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

28.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

29.     Intervenor admits the first and last sentences of this paragraph. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

30.      Intervenor admits the first and last sentences of this paragraph. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

31.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

32.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

33.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

34.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

35.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

36.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

37.     Intervenor lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.  The remaining allegations in this paragraph consist of

conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

38.     The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of federal statutes, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

39.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

40.     The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.  Intervenor lacks sufficient knowledge or information to respond to the remaining allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

41.     The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor admits that pharmaceutical manufacturers must sign a Pharmaceutical Pricing Agreement as a condition of participation in the 340B Program, and Intervenor denies the remaining allegations in the first sentence of this paragraph. The second and third sentences of this paragraph consists of Plaintiffs' characterization of *Astra USA, Inc. v. Santa Clara County., Cal.*, 563 U.S. 110 (2011) ("*Astra*"), to which no response is required. Intervenor refers the Court to the *Astra* opinion for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

42.     Intervenor lacks knowledge or information sufficient to respond to allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

43.     Intervenor lacks knowledge or information sufficient to respond to allegations concerning the actions of commercial contract pharmacies. The remaining allegations in this

paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

44.      Intervenor lacks knowledge or information sufficient to respond to allegations concerning the actions of commercial contract pharmacies. To the extent a response is deemed required, Intervenor denies those allegations.

45.      The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

46.      To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

47.      To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

48.      The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

49.      To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

50.     To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

51.     To the extent this paragraph purports to characterize or interpret the 340B statute, related federal law, or court opinions, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

52.     To the extent this paragraph purports to characterize or interpret the 340B statute, related federal law, or court opinions, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

53.     To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. Further, the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

54.     The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of federal agency actions, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

55.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

56.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of federal agency actions, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

57.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of federal agency actions, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

58.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

59.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

60.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

61.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

62.    Intervenor denies Plaintiffs' allegations regarding the operation of contract pharmacies and commercial pharmacies. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

63.    Intervenor admits that contract pharmacy arrangements exist and that some utilize a pre-purchased or replenishment model. The remaining allegations in this paragraph are denied for lack of sufficient information to form a reasonable belief as to the truth thereof.

64.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

65.    Intervenor admits that the replenishment model, in some form, exists but denies Plaintiffs' characterizations. The allegations in the second sentence of this paragraph consist of Plaintiffs' characterization of statements at a hearing in another case, to which no response is required. Intervenor refers the Court to the cited document for a complete and accurate statement

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER          Page 11
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

of its contents. Summ. J. Hr'g Tr., AbbVie Inc. et al. v. Murrill, No. 6:23-CV-01307-RRS-CBW,
(W.D. La. June 6, 2024), ECF No. 84.  To the extent a response is deemed required, Intervenor
denies those allegations. The allegations in the third sentence of this paragraph consist of
conclusions of law, to which no response is required. To the extent a response is deemed required,
Intervenor denies those allegations.

66.     Intervenor admits that the replenishment model, in some form, exists but denies
Plaintiffs' characterizations. The allegations in this paragraph consist of Plaintiffs' characterization
of statements at a hearing in another case, to which no response is required. Intervenor refers the
Court to the cited document for a complete and accurate statement of its contents. Summ. J. Hr'g
Tr., AbbVie Inc. et al. v. Murrill, No. 6:23-CV-01307-RRS-CBW (W.D. La. June 6, 2024), ECF
No. 84.  The allegations in this paragraph consist of Plaintiffs' characterization of a declaration
filed in another case—Declaration of RADM Krista M. Pedley, Director, Office of Pharmacy
Affairs, HRSA, Eli Lilly & Co. v. Becerra, No. 1:21-cv-00081-SEB-MJD (S.D. Ind.), ECF No.
125-2—to which no response is required. Intervenor refers the Court to the cited document for a
complete and accurate statement of its contents. To the extent a response is deemed required,
Intervenor denies those allegations.

67.     The allegations in this paragraph consist of Plaintiffs' characterization of a
declaration filed in another case—Declaration of RADM Krista M. Pedley, Director, Office of
Pharmacy Affairs, HRSA, Eli Lilly & Co. v. Becerra, No. 1:21-cv-00081-SEB-MJD (S.D. Ind.),
ECF No. 125-2—to which no response is required. Intervenor refers the Court to the cited
document for a complete and accurate statement of its contents.  To the extent a response is deemed
required, Intervenor denies those allegations.

68.     To the extent this paragraph purports to characterize or interpret a court opinion,
Intervenor states that the opinion speaks for itself and any characterization inconsistent with it is
denied. Interventor lacks knowledge or information sufficient to form a belief as to how individual
contract pharmacies and third-party administrators operate, and on that basis deny those
allegations. Intervenor denies all other characterizations in the paragraph.

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER               Page 12
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

69.     To the extent this paragraph purports to characterize or interpret the 340B statute or related federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

70.     To the extent this paragraph purports to characterize or interpret the Federal Register, Intervenor states that the register speaks for itself and any characterization inconsistent with it is denied.

71.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

72.     Intervenor lacks knowledge or information sufficient to form a belief as to the specific ordering practices between contract pharmacies, third-party administrators, and covered entities, and on that basis denies those allegations. To the extent this paragraph purports to characterize or interpret the Federal Register and news articles, Intervenor states that the register and article speak for themselves and any characterization inconsistent with them is denied. Intervenor lacks knowledge or information sufficient to form a belief as to what Plaintiffs are or are not aware of, and on that basis deny that allegation. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

73.     Intervenor lacks sufficient information to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

74.     To the extent this paragraph purports to characterize or interpret various reports by third parties, Intervenor states that the reports speak for themselves and any characterization inconsistent with them is denied. Intervenor lacks knowledge or information sufficient to form a belief as to what Plaintiffs are or are not aware of, and on that basis deny that allegation. The allegations in this paragraph consist of conclusions of law, to which no response is required. To

the extent a response is deemed required, Intervenor denies those allegations. Intervenor further denies Plaintiffs' characterizations.

75.     Intervenor lacks knowledge or information sufficient to form a belief as to the first sentence of this paragraph and on that basis denies those allegations. To the extent this paragraph purports to characterize or interpret various reports by third parties, Intervenor states that the reports speak for themselves and any characterization inconsistent with them is denied.

76.     The allegations in this paragraph contain Plaintiffs' characterizations of government reports, to which no response is required. Intervenor refers the Court to those reports for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

77.     The allegations in this paragraph contain Plaintiffs' characterizations of a government report, news articles, and other materials, to which no response is required. Intervenor refers the Court to those documents for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

78.     The allegations in this paragraph contain Plaintiffs' characterization of a government report and industry publications, to which no response is required. Intervenor refers the Court to those documents for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

79.     The allegations in this paragraph contain Plaintiffs' characterization of correspondence and industry publications, to which no response is required. Intervenor refers the Court to those documents for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations. Further, Intervenor lacks knowledge or information sufficient to form a belief as to the remaining sentences of this paragraph and on that basis denies the allegations therein.

80.     Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

81.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

82.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

83.    The allegations in this paragraph contain Plaintiffs' characterization of news articles, to which no response is required. Intervenor refers the Court to those documents for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

84.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

85.    The allegations in this paragraph contain Plaintiffs' characterization of a news article, to which no response is required. Intervenor refers the Court to the cited article for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

86.    The allegations in this paragraph contain Plaintiffs' characterization of a government report, to which no response is required. Intervenor refers the Court to the cited report for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

87.    The allegations in this paragraph contain Plaintiffs' characterization of a government report, to which no response is required. Intervenor refers the Court to the cited report for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

88.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

89.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor admits that Plaintiffs

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER          Page 15
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

have restricted shipments to contract pharmacies of 340B drugs purchased by covered entities, and Intervenor denies the remaining allegations.

90.    Intervenor lacks sufficient information to respond to the "initiatives" that Plaintiffs allege in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

91.    Intervenor admits that Plaintiffs have restricted shipments to contract pharmacies of 340B drugs purchased by covered entities and lacks sufficient information to respond to the other allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

92.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

93.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

94.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

95.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

96.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

97.    The allegations in this paragraph contain Plaintiffs' characterization of a government "opinion," to which no response is required. Intervenor refers the Court to the cited report for a complete and accurate statement of their contents. To the extent a response is deemed required, Intervenor denies those allegations. Intervenor lacks knowledge or information sufficient to respond as to the remaining allegations in this paragraph.

98.     Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

99.     Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

100.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

101.    The allegations in this paragraph contain Plaintiffs' characterization of a court opinion, to which no response is required. Intervenor refers the Court to the cited opinion for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

102.    The allegations in this paragraph contain Plaintiffs' characterization of a court opinion, to which no response is required. Intervenor refers the Court to the cited opinion for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

103.    The allegations in this paragraph contain Plaintiffs' characterization of a court opinion, to which no response is required. Intervenor refers the Court to the cited opinion for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

104.    The allegations in this paragraph contain Plaintiffs' characterization of a court opinion, to which no response is required. Intervenor refers the Court to the cited opinion for a complete and accurate statement of its contents. To the extent a response is deemed required, Intervenor denies those allegations.

105.    Intervenor admits that other states have passed laws related to contract pharmacies and that some laws have been challenged in court, but Intervenor denies Plaintiff's characterization of those laws. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

106.    The allegations in this paragraph contain Plaintiffs' characterization of courts opinion, to which no response is required. Intervenor refers the Court to the cited opinions for complete and accurate statements of their contents. To the extent a response is deemed required, Intervenor denies those allegations.

107.    Intervenor lacks knowledge or information sufficient to respond about the status of unspecified cases referred to in this paragraph to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

108.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

109.    Intervenor admits that H.B. 2385 was enacted by the Oregon Legislature and signed into law by the Governor in 2025.   The remaining allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

110.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

111.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

112.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

113.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations. The allegations in this paragraph also contain Plaintiffs' characterization of a government report and court opinion, to which no response is required. Intervenor refers the Court

to the cited report and opinion for complete and accurate statements of their contents. To the extent a response is deemed required, Intervenor denies those allegations. Intervenor lacks knowledge or information sufficient to respond to the remaining allegations in this paragraph.

114.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

115.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

116.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

117.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

118.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

119.    The allegations in this paragraph consist of conclusions of law about H.B. 2385, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

120.    To the extent this paragraph purports to characterize or interpret federal law, Intervenor states that those statutes speak for themselves and any characterization inconsistent with them is denied.

121.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

122.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations. Intervenor lacks knowledge or information sufficient to respond to the remaining allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

123.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

124.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

125.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

126.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

127.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

128.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor lacks knowledge or information sufficient to respond and on that basis denies those allegations.

129.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

130.    To the extent this paragraph purports to characterize or interpret the Federal Register, Intervenor states that the register speaks for its and any characterization inconsistent with it is denied.

131.    Intervenor lacks knowledge or information sufficient to respond to the first sentence in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER        Page 20
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

The allegations in the second sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

132.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

133.    Intervenor denies the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

134.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

135.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

136.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

137.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

138.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

139.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

140.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

141.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

142.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

143.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

144.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

145.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

146.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

147.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph. To the extent a response is deemed required, Intervenor denies those allegations.

148.    Intervenor admits that other states have passed laws related to contract pharmacies, but Intervenor denies Plaintiff's characterization of those laws. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

149.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

150.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

151.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

## FIRST CLAIM FOR RELIEF

152.    Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

153.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

154.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

155.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

156.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

157.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

158.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

159.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

160.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

161.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

162.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

163.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

164.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

165.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

166.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER    Page 24
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

167.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

168.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

169.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

170.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

171.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

172.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

173.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

## SECOND CLAIM FOR RELIEF

174.    Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

175.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

176.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

177.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

178.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

179.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

180.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

181.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

**THIRD CLAIM FOR RELIEF**

182.    Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

183.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

INTERVENOR OREGON PRIMARY CARE ASSOCIATION'S ANSWER          Page 26
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

184.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

185.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

186.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

187.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

188.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

189.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

190.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

191.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

192.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Intervenor denies those allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of the First Amended Complaint contain a prayer for relief, to which no response is required. If a response is deemed necessary, Intervenor denies the allegations contained in the prayer for relief and further contends that Plaintiffs are not entitled to the requested relief or any other relief from Defendant.

Intervenor denies any and all allegations in the Complaint that they did not expressly admit—including any allegations set forth in headings or subheadings, rather than in numbered paragraphs—to which a response is required.

## AFFIRMATIVE DEFENSES

Intervenor asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring some or all claims in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and/or issue preclusion based on prior final judgments in other proceedings involving the same or similar parties and issues, including but not limited to litigation concerning similar state contract pharmacy laws in other jurisdictions.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as may become apparent during discovery or further proceedings.

## PRAYER FOR RELIEF

Intervenor respectfully requests the Court dismiss this action and grant Defendant and Intervenor such other and further relief as this Court may deem just and proper.

DATED:  November 21, 2025

LARKINS VACURA KAYSER LLP

/s/ David G. Samuels
Christopher J. Kayser (OSB #984244)
ckayser@lvklaw.com
David G. Samuels (OSB #206308)
dsamuels@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison Street, Suite 700
Portland, Oregon 97204
Telephone: 503-222-4424

*Attorneys for Intervenor*
*Oregon Primary Care Association*