**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**ABBVIE INC.**, et al.,

Plaintiffs,

v.

**DAN RAYFIELD**, in his official capacity as Attorney General of the State of Oregon, et al.,

Defendants,

and

**OREGON PRIMARY CARE ASSOCIATION**,

Intervenor-Defendant.

Case No. 6:25-cv-01332-IM

**ORDER DENYING ABBVIE'S MOTION TO COMPEL AND GRANTING IN PART SAFEWAY'S MOTION TO QUASH**

**IMMERGUT, District Judge.**

Before this Court are Plaintiffs' Motion to Compel, ECF 76, and Third Party Safeway, Inc's Motion to Quash, ECF 85. For the reasons below, this Court DENIES Plaintiffs' motion

and GRANTS IN PART Safeway, Inc.'s motion. Safeway, Inc. is ORDERED to provide a sworn declaration within 14 days of this Order.

The party moving to compel production under a subpoena bears the burden of demonstrating the relevance of the third-party discovery sought, in which case the burden shifts to the third party opposing discovery to demonstrate why it is impermissible. *Or. Aero Inc. v. Navigators Ins. Co.*, No. 3:21-cv-01178-AN, 2025 WL 1189857, at *1 (D. Or. Apr. 24, 2025). In determining whether the subpoenas should be quashed, courts consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Arigbon v. Multnomah Cnty.*, No. 09-311, 2009 WL 3335064, at *2 (D. Or. Oct. 15, 2009) (quoting *Heat & Control Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). Courts "give special consideration to the burdens imposed on nonparties." *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp. 3d 1197, 1203 (D. Or. 2019).

Plaintiffs ("AbbVie") moves to compel Third Party Safeway, Inc. ("Safeway") to designate a deponent for AbbVie's third-party deposition subpoena. Motion to Compel, ECF 76 at 4. AbbVie's deposition topics are (1) Safeway's contract pharmacy agreements and fees, (2) Safeway's patient eligibility definitions, (3) Safeway's 340B savings and revenue, and (4) Safeway's replenishment orders and third-party administrator data. *Id.* at 8–12. Safeway has produced its contract pharmacy agreements and one document showing its claims data fields for third-party administrators. *Id.* at 3. Safeway has stated that it does not have any other responsive documents. *Id.* at 12. AbbVie asserts that the deposition topics are relevant to its claims in this case, that Safeway has relevant information, and that preparing a deponent would not be unduly burdensome for Safeway. *Id.*

Safeway opposes AbbVie's motion and moves to quash the deposition subpoena. Opposition and Motion to Quash, ECF 85. Safeway argues that it does not have any further responsive information because that information is with the covered entities and the third-party administrators. *Id.* at 2–3. In lieu of a deposition, Safeway has offered to provide a sworn declaration that addresses Safeway's knowledge of the 340B process and states that Safeway funnels its 340B revenue into a general revenue fund without specifically tracking it. Reply, ECF 100 at 6.

This Court finds that Safeway's proposed declaration is proportional to the needs of this case. Safeway has stated that it does not possess the information that AbbVie seeks. Safeway can disclose the information that it does possess in a declaration, and this Court is persuaded that such a declaration would be sufficient for AbbVie's needs. If the declaration proves insufficient, AbbVie has leave to re-issue its subpoena, if necessary and after meaningful conferral, on narrower topics that are directly relevant to AbbVie's claims.

AbbVie's Motion to Compel, ECF 76, is DENIED. Safeway is ORDERED to provide a declaration within fourteen (14) days of this Order. Safeway's Motion to Quash, ECF 85, is GRANTED IN PART. Safeway's request to provide a declaration in lieu of deposition testimony is GRANTED, and the motion is otherwise DENIED. However, AbbVie has leave to re-issue its subpoena, if necessary, after meaningful conferral.

**IT IS SO ORDERED.**

DATED this 15th day of April, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge